IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCISCO ORNELAS, | ) | 8:13CV118 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 12, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 12.) Also pending are several Motions filed by Plaintiff. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.    SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on April 12, 2013, against the Director of the Nebraska Department of Correctional Services ("NDCS") Robert Houston ("Houston"), NDCS Deputy Director Frank Hopkins ("Hopkins"), NDCS Medical Director Randy Kohl ("Kohl"), Omaha Correctional Center ("OCC") Warden Mike Kenny ("Kenny"), OCC Medical Doctor Mary Flearl ("Flearl"), and OCC Physician's Assistant Margaret Antley ("Antley"). (Filing No. 1 at CM/ECF pp. 1-3.) Plaintiff sues Houston, Hopkins, Kohl, and Kenny in both their individual and official capacities. (*Id*.) Plaintiff sues Flearl and Antley in their individual capacities only. (*Id*.) Plaintiff is currently confined at OCC in Omaha, Nebraska. (*Id*.; *See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that in 2007, Dr. R. James Sorrell diagnosed him with a benign inflammatory polyp and recommended that Plaintiff follow up to complete removal in six months. (Filing No. 1 at CM/ECF p. 4.)

Plaintiff did not receive this follow-up care. (*Id*.) In 2009, Dr. Matthew R. Goede ("Goede") examined Plaintiff for a "very large ventral hernia." (*Id*.) Goede stated that in order to facilitate repair of the hernia, Plaintiff needed to lose about 50 pounds. (*Id*. at CM/ECF p. 23.) Goede recommended a high-protein diet limited to 1200-1500 kilocalories per day, and two hours of exercise per day. (*Id*. at CM/ECF pp. 4, 23.)

Plaintiff alleges Defendants have knowledge of his medical needs, including his dietary needs, but have failed to provide him with his prescribed care. (*Id*. at CM/ECF pp. 1-38.) Plaintiff seeks an order that directs Defendants to provide him with his prescribed care, including placing him on a 1200-1500 kilocalorie, high-protein diet. (*Id*. at CM/ECF p. 16.) Plaintiff also seeks monetary damages for Defendants' failure to provide him with adequate medical care. (*Id*.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North*

8:13-cv-00118-JFB-PRSE   Doc # 16   Filed: 08/26/13   Page 3 of 8 - Page ID # 141

*Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

    *A.    Sovereign Immunity*

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.,* *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff sues Houston, Hopkins, Kohl, and Kenny, who are state employees, in both their individual and official capacities.[1] (Filing No. 1 at CM/ECF pp. 1-3.) As set forth above, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and employees of a state sued in their official capacities. Consequently, Plaintiff's monetary damages claims against Houston, Hopkins, Kohl, and Kenny in their official capacities are barred by the Eleventh Amendment. However, the Eleventh Amendment does not bar Plaintiff's claims for declaratory relief or his monetary claims against Houston, Hopkins, Kohl, and Kenny in their individual capacities.

---

[1]OCC is an agency created by the state. *See Perryman v. Neb. Dep't of Corr. Servs.*, 568 N.W. 2d 241, 245 (Neb. 1997), *disapproved on other grounds by Johnson v. Clarke*, 603 N.W.2d 373, 376 (Neb. 1999).

### B. Eighth Amendment Medical

A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn,* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton,* 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-04).

Liberally construed, Plaintiff's polyp, hernia, and dietary needs are serious medical needs. Plaintiff alleges Defendants have knowledge of his medical needs, including his dietary needs, but have failed to provide him with his prescribed care. (Filing No. 1 at CM/ECF pp. 1-38.) Liberally construed, Plaintiff's allegations are sufficient to "nudge" his Eighth Amendment medical claims against Defendants across the line from "conceivable to plausible." However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### C. State Law Claims

Liberally construing the Complaint, Plaintiff may have claims for violations of state law, such as negligence. Because the court is permitting Plaintiff's Eighth Amendment medical claims to proceed, Plaintiff's state law claims may also proceed to service.

4

## IV. PENDING MOTIONS

### A. *Motion to Appoint Counsel*

Also pending is Plaintiff's Motion to Appoint Counsel. (Filing No. 4.) However, in *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). Due to the apparent ongoing medical issues an attorney may be appropriate. Plaintiff's Motion to Appoint Counsel is therefore taken under advisement.

### B. *Motion for Service*

Plaintiff has filed a Motion for Service. (Filing No. 14.) In his Motion, Plaintiff asks the court to inform him whether Defendants have "been served" and, if they have not, asks the court to serve them. (*Id*.) Plaintiff's Motion for Service is denied and he is directed to comply with the court's instructions regarding service of process below.

### C. *Motion for Temporary Restraining Order and Preliminary Injunction*

Also pending is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (Filing No. 7.) In this Motion, and his Brief in Support, Plaintiff asserts that he is in "serious medical danger" and asks the court to enter an order "to ensure that he receives . . . proper medical care." (Filing No. 9 at CM/ECF pp. 1, 4.) The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's request. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113.

After carefully considering the record, including Plaintiff's Motion, the court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. Indeed, Plaintiff argues he is in severe pain and requires surgery to repair his hernia, but his Complaint indicates that he must lose 50 pounds before he can proceed with surgery. (Filing No. 9; Filing No. 1 at CM/ECF p. 23.) Plaintiff has not alleged nor shown that he has reached the appropriate weight to proceed with his prescribed care. Although the court accepts Plaintiff's factual allegations as true, the grievances attached to his Complaint also suggest that Plaintiff is not following the doctor's orders regarding his diet. (Filing No. 1 at CM/ECF pp. 18, 21.) Accordingly, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is denied without prejudice.

### D. Motions for Status

Plaintiff has filed two Motions for Status. (Filing Nos. 13 and 15.) In his Motions, Plaintiff asks the court whether a court date or hearing has been set in this matter. (*Id*.) To the extent this Memorandum and Order informs Plaintiff of the progress in his case, his Motions for Status are granted. To the extent he seeks any further relief, his Motions are denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Service (filing no. 14), and Motion for Temporary Restraining Order and Preliminary Injunction (filing no. 7) are denied.

2. Plaintiff's Motion to Appoint Counsel (filing no. 4) is taken under advisement.

3. Plaintiff's Motions for Status (filing nos. 13 and 15) are granted in part, and denied in part, in accordance with this Memorandum and Order.

4. Plaintiff's monetary damages claims against Houston, Hopkins, Kohl, and Kenny in their official capacities are dismissed with prejudice.

5. Plaintiff's claims for declaratory relief, Plaintiff's Eighth Amendment medical claims against Defendants in their individual capacities, and Plaintiff's state law claims against Defendants may proceed. Service is now warranted as to those claims only.

6. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send SEVEN (7) summons forms and SEVEN (7) USM-285 forms (for service on Defendants in their official and individual capacities) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

7. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ.

P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

8. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

9. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty-one (21) days after receipt of the summons to answer or otherwise respond to a complaint.

10. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**December 20, 2013**: Check for completion of service of summons."

11. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 26th day of August, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.