IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCISCO ORNELAS, | ) | 8:13CV118 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on two Motions to Dismiss filed by Defendants. (Filing Nos. 27 and 29.)

### I. BACKGROUND

Plaintiff filed his Complaint in this matter on April 12, 2013, against the Director of the Nebraska Department of Correctional Services ("NDCS") Robert Houston ("Houston"), NDCS Deputy Director Frank Hopkins ("Hopkins"), NDCS Medical Director Randy Kohl ("Kohl"), Omaha Correctional Center ("OCC") Warden Mike Kenny ("Kenny"), OCC Medical Doctor Mary Flearl ("Flearl"), and OCC Physician's Assistant Margaret Antley ("Antley"). (Filing No. 1 at CM/ECF pp. 1-3.) Plaintiff sues Houston, Hopkins, Kohl, and Kenny in both their individual and official capacities. (*Id*.) Plaintiff sues Flearl and Antley in their individual capacities only. (*Id*.) Plaintiff is currently confined at OCC in Omaha, Nebraska. (*Id*.; *See* Docket Sheet.)

On August 26, 2013, the court conducted an initial review of Plaintiff's Complaint. (Filing No. 16.) In doing so, the court dismissed Plaintiff's monetary damages claims against Houston, Hopkins, Kohl, and Kenny in their official capacities. (*Id*. at CM/ECF p. 7.) However, the court also concluded that Plaintiff's claims for declaratory relief, Plaintiff's Eighth Amendment medical claims against

Defendants in their individual capacities, and Plaintiff's state law claims against Defendants could proceed to service. (*Id.*)

On October 22, 2013, Defendants Houston, Hopkins, Kohl, and Kenny moved to dismiss Plaintiff's claims against them in their official capacities because Plaintiff failed to serve summons in accordance with Neb. Rev. Stat. § 25-510.02(1). (Filing Nos. 27 and 28.) That same day, all of the Defendants in this matter filed a Motion to Dismiss. (Filing No. 29.) In this second Motion, Defendants assert that Plaintiff's claims against them in their individual capacities should be dismissed because Plaintiff has failed to state a claim upon which relief may be granted. (*Id.*) In support of the second Motion, Defendants filed an exact copy of the Motion as a "Brief." (*Compare* Filing No. 29 *with* Filing No. 30.) Plaintiff failed to respond to both Motions to Dismiss. (*See* Docket Sheet.)

## II. ANALYSIS

### A. Motion to Dismiss Standard

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

B.  **Motion to Dismiss Official Capacity Claims**

Defendants Houston, Hopkins, Kohl, and Kenny move to dismiss Plaintiff's claims against them in their official capacities because Plaintiff failed to serve summons in accordance with Neb. Rev. Stat. § 25-510.02(1). (Filing Nos. 27 and 28.) Federal Rule of Civil Procedure 4(j) requires that service on "[a] state, a municipal corporation, or any other state-created governmental organization[1] . . . must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). With regard to section (B), the State of Nebraska states that:

> The State of Nebraska, any state agency as defined in section 81-8,210, and any employee of the state as defined in section 81-8,210 sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail service addressed to the office of the Attorney General.

Neb. Rev. Stat. § 25-510.02(1).

Plaintiff did not serve Defendants in their official capacities under Nebraska law. However, under federal law, a governmental organization is served when a copy of the summons and complaint are delivered to its chief executive officer. Fed. R. Civ. P. 4(j)(2). Defendants have not argued that the chief executive officers of Defendants' public employers were not served. (*See* Filing No. 28.) Accordingly,

---

[1] A suit against a public employee in his or her official capacity is merely a suit against the public employer. See *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, service upon public employees in their official capacities must be effected as though the action is against their employer.

3

the court will deny Houston, Hopkins, Kohl, and Kenny's Motion to Dismiss Plaintiff's claims against them in their official capacities. *See Lawver v. Dep't of Corr.*, No. 8:07CV100, 2007 WL 3376742, *4 (D. Neb. Nov. 7, 2007) (finding that the delivery of a copy of the summons and complaint on Robert Houston amounted to proper service of the NDCS).

**C. Motion to Dismiss Individual Capacity Claims**

As discussed above, Defendants also move to dismiss Plaintiff's claims against them in their individual capacities. (Filing No. 29.) In support of this Motion, Defendants filed an exact copy of their Motion to Dismiss as "Brief." (*Compare* Filing No. 29 *with* Filing No. 30.)

On August 26, 2013, the court performed a detailed initial review of Plaintiff's Complaint. (Filing No. 16.) In that Memorandum and Order, the court liberally construed and analyzed each of Plaintiff's claims. (*Id.*) The court determined that Plaintiff had set forth allegations sufficient to "nudge" his Eighth Amendment medical claims against Defendants across the line from "conceivable to plausible," the same standard used to resolve a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Burke v. N.D. Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (holding that a pro se complaint must be construed liberally).

Rather than file an answer, Defendants chose to file a Motion to Dismiss, arguing that Plaintiff's Complaint fails to state a claim upon which relief may be granted. (Filing Nos. 22 and 23.) However, the court already resolved that question and declines to revisit it now. For the reasons set forth in its August 26, 2013,

4

Memorandum and Order, Plaintiff has set forth allegations sufficient to "nudge" his Eighth Amendment medical claims against Defendants across the line from "conceivable to plausible." Because the court permitted Plaintiff's Eighth Amendment medical claims to proceed, Plaintiff's state law claims may also proceed. While Plaintiff's claims may not ultimately withstand a motion for summary judgment, they are enough to withstand the pending Motion to Dismiss.

**D.     Motion to Appoint Counsel**

Also pending is Plaintiff's Motion to Appoint Counsel. (Filing No. 4.) The court previously took this Motion under advisement. (*See* Filing No. 16 at CM/ECF p. 5.) In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). Although Plaintiff may benefit from the appointment of an attorney at some point in this litigation, no such a benefit is apparent at this time. Plaintiff's Motion to Appoint Counsel is therefore denied without prejudice to reassertion. Accordingly,

IT IS THEREFORE ORDERED that:

1.     Houston, Hopkins, Kohl, and Kenny's Motion to Dismiss Plaintiff's official capacity claims (filing no. 27) is denied.

2.     Defendants' Motion to Dismiss Plaintiff's individual capacity claims (filing no. 29) is denied.

3.     Plaintiff's Motion to Appoint Counsel (filing no. 4) is denied without prejudice to reassertion.

4. In accordance with Federal Rule of Civil Procedure 12(a)(4)(A), Defendants shall file their answer no later than 14 days from the date of this Memorandum and Order.

5. A separate progression order will be entered progressing this matter to final disposition.

DATED this 18th day of March, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.